Timothy TURNER, Plaintiff–Appellant,

v.

Mike WILSON, in his individual and personal as well as official capacity as Superintendent of the Mississippi State Penitentiary; Emmitt Sparkman, in his individual personal and official capacities as Deputy Commissioner of the Mississippi Department of Corrections and/or former Superintendent of Mississippi Department of

---

Correction, Mississippi State Penitentiary; Ricky Scott, in his individual and personal and official capacities as investigator for the Internal Audit Division and Security Threat Group Intelligence Coordinator for the Mississippi State Penitentiary; Donny Mullins; Ronald Robinson, in his individual personal and former official capacities as former investigator for the Internal Audit Division of the Mississippi State Penitentiary; McNeely, Lieutenant, in his individual personal and professional official capacities as the former officer in charge Lieutenant of the Security Threat Group Housing Unit; Charles Deer, in his individual personal and official capacities as former Case Manager at the Security Threat Group Unit; All Members Of The Security Threat Group Evaluation Team, Defendants–Appellees.

No. 04–60640.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 7, 2005.

Timothy Turner, Parchman, MS, pro se.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Timothy Turner seeks to proceed in forma pauperis ("IFP") to appeal the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. Turner alleged that the defendants failed to protect him from an attack by a fellow inmate.

By moving to proceed IFP, Turner is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir.1997); 28 U.S.C. § 1915(a)(3); FED. R.APP. P. 24(a)(3). Our review of the record indicates that Turner's allegations state a failure-to-protect claim under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 842, 838, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Whether the facts ultimately will prove a failure-to-protect claim is not a question to be answered at this stage of the proceedings. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Accordingly, the motion to proceed IFP is GRANTED. The judgment and certification decision are VACATED. The case is REMANDED for further proceedings.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.